ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
BEONG-SOO KIM (Cal. State Bar No.: 212911)
Assistant United States Attorney
Chief, Major Frauds Section
KERRY C. O'NEILL (Cal. State Bar No.: 223852)
Assistant United States Attorney
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3868/3289
    Facsimile: (213) 894-6269
    E-mail: beong-soo.kim@usdoj.gov
           kerry.oneill@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) CR No. 10-243-CJC |
|---|---|
| Plaintiff, | ) <u>PLEA AGREEMENT FOR DEFENDANT</u> |
| v. | ) <u>ROSE RAY</u> |
| ROSI RAY,<br>   aka "Rose Ray,"<br>   aka "Gloria Lujan," | ) |
| Defendant. | ) |

    1.  This constitutes the plea agreement between ROSE RAY ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

## DEFENDANT'S OBLIGATIONS

2. Defendant agrees to:

    a) At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count one of the indictment in <u>United States v. Rosi Ray</u>, CR No. 10-243-CJC.

    b) Not contest facts agreed to in this agreement.

    c) Abide by all agreements regarding sentencing factors contained in this agreement.

    d) Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

    e) Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

    f) Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

    g) Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and submits a completed financial statement (form OBD-500) to the USAO prior to sentencing.

## THE USAO'S OBLIGATIONS

3. The USAO agrees to:

    a) Not contest facts agreed to in this agreement.

    b) Abide by all agreements regarding sentencing factors contained in this agreement.

c) At the time of sentencing, move to dismiss the remaining counts of the indictment as against defendant. Defendant agrees, however, that at the time of sentencing the Court may consider the dismissed counts in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

d) At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

e) Except for criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371), not further criminally prosecute defendant for violations of federal criminal law arising out of defendant's conduct described in the agreed-to factual basis set forth in paragraph 10 below. Defendant understands that the USAO is free to criminally prosecute defendant for any other unlawful past conduct or any unlawful conduct that occurs after the date of this agreement. Defendant agrees that at the time of sentencing the Court may consider the uncharged conduct in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed after consideration of the Sentencing Guidelines and all other

relevant factors under 18 U.S.C. § 3553(a).

## NATURE OF THE OFFENSE

4. Defendant understands that for defendant to be guilty of the crime charged in count one (violation of Title 18, United States Code, Section 1343), the following must be true: First, the defendant knowingly participated in, devised, or intended to devise a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises; Second, the statements made or facts omitted as part of the scheme were material; Third, the defendant acted with the intent to defraud; and Fourth, the defendant used, or caused to be used, interstate or foreign wires to carry out or attempt to carry out an essential part of the scheme.

Defendant admits that defendant is, in fact, guilty of this offense as described in count one of the indictment.

## PENALTIES AND RESTITUTION

5. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1343 is: 20 years imprisonment; a five-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

6. Defendant understands that defendant will be required to pay full restitution to the victims of the offense. Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the amount of restitution is

not restricted to the amounts alleged in the count to which defendant is pleading guilty and may include losses arising from counts dismissed pursuant to this agreement as well as all relevant conduct in connection with those counts. The parties currently believe that the applicable amount of restitution is approximately $4,538,370.

7. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated

collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

9. Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to removal, also known as deportation, which may, under some circumstances, be mandatory. The court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case. Defendant understands that by entering a guilty plea defendant waives any claim that unexpected immigration consequences may render defendant's guilty plea invalid.

## FACTUAL BASIS

10. Defendant and the USAO agree to the statement of facts provided below. Defendant and the USAO agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 12 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

From approximately 2007 through at least October 2009, defendant devised and ran a "Ponzi" scheme that resulted in her receipt of approximately $10,957,300 from approximately 190 investors. During the course of the scheme, defendant knowingly made material false statements to her victims, and concealed material facts from them, with the intent to defraud. Defendant

1  also used and caused others to use the wires to carry out and
2  further her Ponzi scheme.
3      In person, by phone, and through others, defendant knowingly
4  and falsely told investors that their investments with her would
5  be used to purchase court-ordered monetary settlement annuities
6  from accident victims at a discount, which settlement annuities
7  would then be cashed in at a substantial profit with returns
8  ranging anywhere from 10 to 200 percent over a period of two to
9  twelve months.
10      In truth and in fact, as defendant then well knew, she did
11 not purchase and did not intend to purchase such settlement
12 annuities at a discount or at all.  In fact, defendant did not
13 use any of the funds invested to purchase court-ordered monetary
14 settlement annuities from accident victims at a discount.  The
15 payments defendant made to some victims over the course of her
16 scheme were Ponzi payments that came from the victims' own or
17 other victims' principal investments, and not from any profit or
18 legitimate return on investment.
19      Investor S.C. first met defendant at Polly's Pies in Santa
20 Ana, California in April 2008.  At that meeting, defendant
21 falsely represented to S.C. that she works with lawyers who have
22 personal injury cases they have litigated in which the judge has
23 awarded a settlement amount in the form of an annuity to a
24 plaintiff.  Defendant explained that these lawyers purchase the
25 personal injury lawsuit annuities from plaintiffs at a steep
26 discount, upon which the lawyers file a claim with the
27 defendant's insurance company and collect the entire settlement
28 within 90 days.  Defendant falsely claimed to be soliciting

investor funds on behalf of the lawyers so the lawyers could purchase the settlement annuities. Defendant falsely promised S.C. a monthly return of 20 to 45 percent if he invested with her to purchase the settlement annuities. On August 27, 2008, investor S.C. sent an interstate wire of $50,000 to defendant to fund his investment with her. Defendant did not send any of S.C.'s money to any lawyers for the purpose of purchasing the promised settlement annuities. Instead, defendant used S.C.'s investment to pay other investors, and to pay defendant's various personal and business expenses.

## SENTENCING FACTORS

11. Defendant understands that in determining defendant's sentence the Court is required to consider the factors set forth in 18 U.S.C. § 3553(a)(1)-(7), including the kinds of sentence and sentencing range established under the Sentencing Guidelines. Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

12. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

<u>Base Offense Level</u> : 7 [U.S.S.G. § 2B1.1(a)(1)(B)]

<u>Specific Offense Characteristics</u>

**Loss** : +18 [U.S.S.G. § 2B1.1(b)(1)(J)]

      **Victims**                :     +4    [U.S.S.G. § 2B1.1(b)(2)(B)]

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

13. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

14. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

## WAIVER OF CONSTITUTIONAL RIGHTS

15. Defendant understands that by pleading guilty, defendant gives up the following rights:

    a) The right to persist in a plea of not guilty.

    b) The right to a speedy and public trial by jury.

    c) The right to the assistance of an attorney at trial, including the right to have the Court appoint an attorney to represent defendant at trial. Defendant understands, however, that, despite defendant's guilty plea, defendant retains the right to be represented by an attorney -- and, if necessary, to have the Court appoint an attorney if defendant cannot afford one -- at every other stage of the proceeding.

    d) The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

    e) The right to confront and cross-examine witnesses against defendant.

f) The right to testify on defendant's own behalf and present evidence in opposition to the charges, including calling witnesses and subpoenaing those witnesses to testify.

g) The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h) Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

16. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

17. Defendant agrees that, provided the Court imposes a term of imprisonment within or below the range corresponding to an offense level of 26 and the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the court, provided it is within the statutory maximum; (d) the amount and terms of any restitution order, provided it requires payment of no more than $4,538,370; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of

probation or supervised release imposed by the Court: the standard conditions set forth in General Orders 318, 01-05, and/or 05-02 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

18.  The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment within or above the range corresponding to an offense level of 26 and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence, with the exception that the USAO reserves the right to appeal the amount of restitution ordered if that amount is less than $4,538,370.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

19.  Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was dismissed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent

11

that such defenses existed as of the date of defendant's signing this agreement.

## EFFECTIVE DATE OF AGREEMENT

20. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

21. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

22. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was dismissed as a result of this agreement, then:

    a) Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b) Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c) Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND PROBATION OFFICE NOT PARTIES

23. Defendant understands that the Court and the United States Probation Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

24. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations are not error, although each party agrees

to maintain its view that the calculations in paragraph 12 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

25. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all of defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

26. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

27. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

ANDRÉ BIROTTE JR.
United States Attorney

_____     9/9/11
BEONG-SOO KIM/KERRY C. O'NEILL        Date
Assistant United States Attorneys


_____     _____
ROSE RAY                              Date
Defendant


_____     9/9/11
JAMES RIDDET                          Date
Attorney for Defendant
Rose Ray

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____        _____
ROSE RAY                         Date
Defendant

16

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am Rose Ray's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of her rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____        _9/9/11_____
JAMES RIDDET                            Date
Attorney for Defendant
Rose Ray